UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | Case No. 11 B 23332 |
| David A. and Marilyn L. Weiher, | ) | Honorable Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | Hearing Date: June 13, 2012 |
| | ) | Time: 10:00 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:           Baldi Berg & Wallace, Ltd.,
                             Attorneys at Law

Authorized to Provide        David A. and Marilyn L. Weiher
Professional Services to:    Debtor and Debtor in Possession

Date of Order Authorizing
Employment:                  June 28, 2011

Period for Which
Compensation is sought:      November 16, 2011 through April 11, 2012

Amount of Fees sought:       $41,984.50

Amount of Expense
Reimbursement sought:        $130.00

This is an:    Interim Application ___        Final Application __X_

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| 11/30/2011 | 6/2/2011 – 11/15/2011 | $38,109.80 | $38,109.80 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $ ___-0-___.

Dated:  April 25, 2012              Baldi Berg & Wallace, Ltd.

                                    By:  ___/s/ Donna B. Wallace_____
                                         Principal of the Firm

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re** | ) | Chapter 11 |
| | ) | Case No. 11 B 23332 |
| **David A. and Marilyn L. Weiher,** | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date: June 13, 2012 |
| **Debtors.** | ) | Time: 10:00 a.m. |

.

**Notice of Application**

To:   See Attached Service List

    **PLEASE TAKE NOTICE** that on June 13, 2012, at the hour of 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge, in Room 680 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Baldi Berg & Wallace, Ltd., Attorneys for Debtors in Possession**, a copy of which is attached hereto and hereby served upon you.

Joseph A. Baldi
Donna B. Wallace
Baldi Berg & Wallace, Ltd.
Suite 1500
19 South LaSalle Street
Chicago, IL  60603

**Certificate of Service**

    I, Donna B. Wallace, an attorney, hereby certify that I caused a true and correct copy of the foregoing Notice of Motion and the document identified therein to be served on the persons on the attached service list at their respective addresses via electronic mail and/or first class mail delivery, as indicated on the attached service list, on April 25, 2012.

                                                                            ___/s/ Donna B. Wallace_____

**SERVICE LIST**
David A. and Marilyn L. Weiher, debtors
Case No. 11-23332

United States Trustee
219 S. Dearborn Street
8th Floor
Chicago, IL 60603
USTPRegion11.ES.ECF@usdoj.gov
**Via Electronic Notice**

**William R. Brodzinski**
Mulherin, Rehfeldt & Varchetto P.C.
211 S. Wheaton Ave.
Ste. 200
Wheaton, IL 60187
wbrodzinski@mrvlaw.com
**Via Electronic Notice**

**Craig C Westfall**
Nigro, Westfall & Gryska, P.C.
1793 Bloomingdale Road
Glendale Heights, IL 60139
firm@nigrowestfall.com
**Via Electronic Notice**

David & Marilyn Weiher
4808 Wallbank Avenue
Downers Grove, IL 60515-3404
**Via U.S. Mail and e-mail**

**Adham Alaily**
Ehrenberg & Egan LLC
321 N. Clark St., Suite 1430
Chicago, IL 60654
aalaily@ehrenbergeganlaw.com
**Via Electronic Notice**

**Jeffrey A Chadwick**
McGuireWoods LLP
77 W. Wacker Dr.
Chicago, IL 60601
jchadwick@mcguirewoods.com
**Via Electronic Notice**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re** | ) | Chapter 11 |
| | ) | Case No. 11 B 23332 |
| **David A. and Marilyn L. Weiher,** | ) | Hon. Jacqueline P. Cox |
| | ) | Hearing Date: June 13, 2012 |
| Debtors. | ) | Time: 10:00 a.m. |

**Final Application for Allowance and Payment of**
**Compensation and Reimbursement of Expenses of**
**Baldi Berg & Wallace, Ltd., Attorneys for Debtors in Possession**

Baldi Berg & Wallace, Ltd. ("BB&W"), attorneys for David A. and Marilyn L. Weiher, Debtors in Possession ("Debtors"), pursuant to sections 330 and 331 of title 11, United States Code ("Code"), requests this Court to enter an order (a) allowing final compensation to BB&W in the amount of $41,984.50 for 122.3 hours of legal services rendered to the Debtors from November 16, 2011 through April 11, 2012; (b) allowing to BB&W $130.00 for reimbursement of its expenses incurred in connection with such services; and (c) authorizing and directing the Debtors to pay such allowances forthwith. In support thereof, BB&W respectfully states as follows:

**Introduction**

1. Debtors commenced this bankruptcy case on June 1, 2011 by the filing of a voluntary petition for relief under chapter 11 of title 11, United States Code ("Code").

2. Debtors remain in possession of their property and are operating and managing their business as debtors in possession, pursuant to sections 1107 and 1108 of the Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## History of the Case

4.  David A. and Marilyn L. Weiher are individuals who own and manage improved commercial property. Debtors' main assets consist of their beneficial interest in North Star Trust Company Land Trust number 8-1506 ("Trust") and their interest in Three Lights Development, LLC, ("Three Lights") a Debtor in case number 11-23323, pending before this Court. The Trust holds title to commercial property at the address commonly known as 400 North Schmidt Road, Bolingbrook, IL ("Bolingbrook Property").

5.  On September 20, 2011, the Court entered an order granting Debtors until December 29, 2011 to file their plan and disclosure statement in this case. Debtors have filed their Plan of reorganization and Disclosure Statement. Debtors' Plan was confirmed on April 19, 2012. Debtors have served the Notice of Confirmation on all creditors and parties in interest. Debtor's are required to file a final report by June 6, 2012 and anticipate that the final decree and order of discharge will be entered at the status hearing scheduled for June 13, 2012.

## Retention of BB&W

6.  On June 28, 2011, this Court entered an order authorizing the Debtors to employ BB&W as their attorneys in this case ("Retention Order"). A copy of the Retention Order is attached hereto as Exhibit A. BB&W has served as counsel for the Debtors at all times since its retention by the Debtors.

7.  The professional qualifications and experience of the BB&W attorneys and paralegals that performed substantial legal services for the Debtors during the period covered by this Application are set forth in Exhibit B. A listing of the attorneys, paralegals and clerks who were responsible for representing the Debtors during the period covered by this fee

application, their position with the firm, hourly rate and the total hours expended by each professional is detailed below:

| PROFESSIONAL | TITLE | RATE | HOURS | FEES |
|---|---|---|---|---|
| Joseph A. Baldi | Principal | $425.00 | .5 | $212.50 |
| Joseph A. Baldi | Principal | $450.00 | 24.9 | $11,205.00 |
| Donna B. Wallace | Principal | $325.00 | 32.3 | $10,497.50 |
| Donna B. Wallace | Principal | $350.00 | 54.1 | $18,935.00 |
| Donna B. Wallace | Principal | No Charge | 4.6 | $0.00 |
| Julia D. Loper | Associate | $200.00 | 1.2 | $240.00 |
| Julia D. Loper | Associate | $235.00 | 3.3 | $775.50 |
| Jason M. Manola | Clerk | $85.00 | 1.4 | 119.00 |
| **TOTALS** | | | **122.3.0** | **$41,984.50** |

### Prior Compensation

8.    This is the second application ("Application) for allowance and payment of compensation that BB&W has filed in this case. BB&W filed its first application ("First Application") for allowance and payment of compensation on November 30, 2011. The period covered by the first application and the amounts awarded to BB&W pursuant thereto are as follows:

| Application | Date of Order | Amounts Requested | Amounts Allowed |
|---|---|---|---|
| First Application 6/2/2011 – 11/15/2011 | 12/22/2011 | $ 36,650.00 fees $ 1,459.80 exp. | $ 36,650.00 fees $ 1,459.80 exp. |

A copy of the December 22, 2012 compensation order is attached hereto as Exhibit E. A recapitulation, by category, of the amounts requested for compensation and expenses in the First Application is attached hereto as Exhibit H.

3

**Services Rendered by BB&W**

9.  Itemized and detailed descriptions of the specific services rendered by BB&W to the Debtors for which compensation is sought in this Application are reflected on the billing statements attached hereto as Exhibit C. The billing statements set forth the name of each attorney or paralegal, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

10.  The services rendered by BB&W have been segregated into five (5) specific categories and an itemized summary list is set forth below:

| Category | Total Hours | Total Fees |
| --- | --- | --- |
| General Administration | 5.6 | $1967.50 |
| Cash Collateral | 10.7 | $3,765.50 |
| Fee Applications | 7.8 | $2692.50 |
| Operating Reports | 3.6 | $907.50 |
| Plan and Disclosure Statement | 95.5 | $32,944.00 |
| **Totals** | **122.3** | **$41,984.50** |

11.  A description of the services rendered by BB&W in each category during the period covered by this Application is as follows:

11.1  <u>General Administration</u>:  During the period covered by this Application, BB&W represented Debtors in connection with their chapter 11 case. Old Second Bank ("OSB") filed a claim against the estate valuing its secured claim about $200,000 higher than Debtors valued the claim. The difference in valuation was primarily caused by differing interpretations of the clauses in the note addressing interest and late fees. During the period covered by this

4

Application, BB&W review appraisals prepared on behalf of OSB related to the collateral, BB&W drafted a Motion to value Old Second Bank's secured claim against the Estate. The Motion was not presented because Debtors and OSB resolved their differences in connection to the OSB claim in conjunction with negotiations related to the Plan.

In connection with the foregoing services, BB&W spent 5.6 hours for which it requests allowance and payment of final compensation in the amount of $1,967.50, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Joseph A. Baldi | .3 | $450.00 | $135.00 |
| Donna B. Wallace | 4.4 | $350.00 | $1,540.00 |
| Donna B. Wallace | .9 | $325.00 | $292.50 |
| Totals | 5.6 | | $1,967.50 |

11.2 Cash Collateral:  During the period covered by this Application, BB&W prepared monthly variance reports to explain the difference between budgeted and actual expenditures as required by Cash Collateral Orders entered by the Court. BB&W prepared and presented Debtors' sixth and seventh orders extending the use of cash collateral ("Cash Collateral Motion").

In connection with the foregoing services, BB&W spent 9.8 hours for which it requests allowance and payment of final compensation in the amount of $3,473.00, as detailed below:

| Professional | Hours | Rate | Fees |
|---|---|---|---|
| Joseph A. Baldi | 3.2 | $450.00 | $1,440.00 |
| Donna B. Wallace | 2.8 | $325.00 | $910.00 |
| Donna B. Wallace | 2.0 | $350.00 | $700.00 |
| Julia D. Loper | 1.8 | $235.00 | $423.00 |
| Totals | 9.8 | | $3,473.00 |

11.3 <u>Operating Reports</u>:  During the period covered by this Application, BB&W conferred with Debtors about their monthly operating reports.  BB&W prepared and timely filed monthly operating reports for the periods from November, 2011 through February, 2012 from information provided by Debtors.

In connection with the foregoing services, BB&W spent 3.6 hours for which it requests allowance and payment of final compensation in the amount of $907.50, as detailed below:

| Professional | Hours | Rate | **Fees** |
|---|---|---|---|
| Donna B. Wallace | .9 | $350.00 | $315.00 |
| Julia D. Loper | 1.2 | $200.00 | $240.00 |
| Julia D. Loper | 1.5 | $235.00 | $352.50 |
| **Totals** | 3.6 | | $907.50 |

11.4 <u>Fee Applications</u>:  During the period covered by this Application, BB&W prepared this revised and presented its first fee application and prepared its final fee application.

In connection with the foregoing services, BB&W spent 7.8 hours for which it requests allowance and payment of final compensation in the amount of $2,692.50.00, as detailed below:

| Professional | Hours | Rate | **Fees** |
|---|---|---|---|
| Joseph A. Baldi | .5 | $425.00 | $212.50 |
| Donna B. Wallace | 3.0 | $325.00 | $975.00 |
| Donna B. Wallace | 4.3 | $350.00 | $1,505.00 |
| **Totals** | 7.8 | | $2,692.50 |

11.5 <u>Plan and Disclosure Statement</u>:  During the period covered by this Application, BB&W met with the Debtors concerning various scenarios for reorganization.  BB&W also

6

conferred with counsel for Three Lights Development, an organization wholly owned by Debtors, to co-ordinate and assure consistency between the plans proposed by Three Lights and Debtors. BB&W drafted and filed Debtors' Plan and Disclosure Statement and prepared the exhibits and financial projections for the disclosure statement. BB&W prepared and presented a motion to set a hearing on the adequacy of the disclosure statement. BB&W conferred with the Office of the United States Trustee ("UST") concerning issues related to the plan and prepared a first amended plan and disclosure statement to address the issues raised by the UST. BB&W engaged in extensive negotiations with OSB to reach an agreement concerning the treatment of its claims and prepared a seconded amended plan and disclosure statement to amend the treatment of OSB under the plan. BB&W conferred with other creditors, including the assignee of OSB, concerning their treatment under the plan. BB&W prepared the ballot report related to the acceptance of the plan. BB&W attended the confirmation hearing and served the Order Combined with Notice of Confirmation.

In connection with the foregoing services, BB&W spent 95.5 hours for which it requests allowance and payment of final compensation in the amount of $32,944.00, as detailed below:

| **Professional** | **Hours** | **Rate** | **Fees** |
|---|---|---|---|
| Joseph A. Baldi | 21.4 | $450.00 | $9,630.00 |
| Donna B. Wallace | 25.6 | $325.00 | $8,320.00 |
| Donna B. Wallace | 42.5 | $350.00 | $14,875.00 |
| Donna B. Wallace | 4.6 | No charge | $0.00 |
| Jason M. Manola | 1.4 | $85.00 | $119.00 |
| **Totals** | 95.5 | | $32,944.00 |

**Compensation Requested**

12. BB&W has spent a total of 122.3 hours for the services described in paragraph 11 above through April 11, 2012. The total value of those services and the amount of compensation requested therefore is $41,984.50. A summary of the hours spent and the dollar value of the services rendered in each category is attached hereto as Exhibit D (and is listed on the table in paragraph 10 above).

13. All of the services performed by BB&W were required for proper representation of the Debtors in this case, were authorized by this Court and were performed by BB&W at the request and direction of the Debtors. Pursuant to sections 330 and 331 of the Code and the generally applicable criteria with respect to the nature, extent and value of the services performed, all of BB&W' services are compensable and the compensation requested is fair and reasonable. There has been no duplication of services rendered to the Debtors by BB&W for which compensation is requested.

14. The rates charged by the attorneys and paralegals of BB&W in this Application were their usual and customary hourly rates charged during the period covered by this Application for work performed for other clients in both bankruptcy and non-bankruptcy matters. Each of the billing statements attached hereto as Exhibit C contains a comprehensive summary, by category of service, of each person who performed services for the Debtors, the number of hours they expended in each category and the compensation requested therefore.

**Expenses**

15. BB&W has incurred expenses in the amount of $130.00 in connection with its representation of the Debtors during the period covered by this Application for which it now

requests reimbursement. Expenses were incurred for the photocopy and mailing charges relating to the service of the Debtor's Plan.

16. The expenses incurred by BB&W through April 11, 2012 have been recorded and allocated to the specific categories outlined herein and are set forth in detail on the billing statements attached hereto in Exhibit C.

17. A summary, categorized by product type, of the actual expenses incurred by BB&W is set forth below:

| Expense | Cost |
|---|---|
| Photocopying | $77.50 |
| Postage | $52.50 |
| **Total** | $ 130.00 |

**Payment of Compensation**

18. Debtor's Plan states "$15,000 of the estimated fees shall be paid in full on the Effective Date of the Plan if said fees have been approved by the Bankruptcy Court prior to the Effective Date. To the extent that administrative fees approved by the Bankruptcy Court exceed $15,000, the remaining fees shall be paid from Debtors' post-confirmation cash flow if and when Debtors have cash flow available to pay the fees or a portion thereof." Accordingly, the source of the proposed payment to BB&W of the final compensation and expense reimbursement allowed herein will be $15,000.00 from Debtor's cash on hand on the effective date of the Plan, the remaining approved fees will be paid if and when Debtors have cash available to pay the fees after fulfilling their obligation to other creditors under the Plan.

19. BB&W has not entered into any agreement or understanding of any kind, express or implied, with any other entity to share any compensation received or to be received by BB&W for services rendered to the Debtors in connection with this case.

20. To-date, BB&W has received approved interim compensation in the amount of $36,650.00 for actual and necessary professional services rendered to the Debtors from June 1, 2011 through November 15, 2011 and reimbursement of expenses in the amount of $1,459.80 for its actual and necessary expenses incurred in connection with such services. The payments were made from a pre-petition retainer paid by Debtors to BB&W in the amount of $21,039.00 and post-petition earnings of $17,070.80.

21. The Affidavit of Joseph A. Baldi pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure is attached hereto as Exhibit E and made a part hereof.

## Status of the Case

22. Debtors continue to operate their business and are pursuing confirmation of a plan. Debtor's plan was confirmed on April 19, 2012. Debtors are current on all financial reporting requirements and payments to the U.S. Trustee for chapter 11 fees and have commenced making distributions in accordance with the terms of the confirmed plan.

## Notice to Creditors

23. BB&W has sent 21 days' notice of the Application to the Debtors, all creditors and other parties in interest, including the United States Trustee in accordance with the provisions of Rule 2002 of the Federal Rules of Bankruptcy Procedure. A copy of the notice is attached hereto as Exhibit F.

## Debtors' Approval

24. BB&W certifies that the Debtors has received, reviewed and approved this Application.

WHEREFORE, BB&W requests the entry of an order providing the following:

A. Allowing to BB&W final compensation in the amount of $41,984.50 for actual and necessary professional services rendered to the Debtors from November 16, 2011 through April 11, 2012;

B. Allowing to BB&W reimbursement in the amount of $130.00 for its actual and necessary expenses incurred in connection with such services;

C. Directing Debtors immediately to pay BB&W the sum of $15,000.00 in partial payment of the remaining final compensation and expenses allowed pursuant to this Application in accordance with the terms of their proposed plan;

D. Authorizing and directing Debtors to pay the remaining allowed fees from post-confirmation cash flow if and when Debtors have cash flow available to pay the fees or a portion thereof and

E. Granting such other and further relief as this Court deems appropriate.

Dated:  April 25, 2012         BALDI BERG & WALLACE, LTD, attorneys for
                               DAVID A. AND MARILYN L. WEIHER debtors
                               and debtors in possession

                               By:  /s/ Donna B. Wallace_____
                                    Principal of the Firm

Joseph A. Baldi/Attorney I.D. No. 00100145
Donna B. Wallace/Attorney I.D. No. 6200260
BALDI BERG & WALLACE, LTD.
19 S. LaSalle Street, Suite 1500
Chicago, Illinois  60603
312-726-8150